**Rodolfo N. ACOSTA, Plaintiff,**

v.

**NORWEGIAN CRUISE LINE, LTD., Defendant.**

No. 03–22060–CIV–KING.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 12, 2003.

Luis A. Perez, Law Offices of Luis A. Perez, P.A., Miami, FL, Rebecca B. Watford, The Watford Law Firm, Miami, FL, Counsel for Plaintiff.

Jerry D. Hamilton, Beverly D. Eisenstadt, Houck, Hamilton & Anderson, P.A., Miami, FL, Counsel for Defendant.

## *ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION BUT RETAINING JURISDICTION TO REMAND SHOULD ARBITRATION PROVE UNAVAILABLE*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand, filed September 3, 2003, and Defendant's Motion to Compel Arbitration, filed September 12, 2003. On September 25, 2003, Defendant filed its Response to Plaintiff's Motion for Remand. On October 20, 2003, Plaintiff filed his Combined Response to Defendant's Motion to Compel Arbitration and Reply to Defendant's Response to Plaintiff's Motion for Remand. On November 10, 2003, Defendant filed its Reply to Plaintiff's Response to Defendant's Motion to Compel Arbitration.

Plaintiff sued Defendant in Florida State Court under the Jones Act, 46 U.S.C. § 688, for damages for injuries sustained while employed on Defendant's cruise ship. Defendant subsequently removed the case to this Court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201—208 ("The Convention"),[1] for the purpose of moving this Court to compel arbitration in the Philippines.

In his current Motion for Remand, Plaintiff argues that Defendant's removal was improper for six (6) independent reasons: (1) no written arbitration agreement exists between the parties; (2) the Convention does not apply to the employment contracts of seamen; (3) the Convention applies only to commercial contracts, and the contract at issue is not a commercial contract; (4) the arbitration agreement, if it does exist, is invalid under United States law because Defendant may not use an arbitration agreement to avoid a suit under the Jones Act; (5) the arbitration agreement, if it does exist, is invalid under Philippine law because Plaintiff's employment contract is a contract of adhesion; and (6) the arbitration agreement, if it does exist, is not enforceable because the Philippine Supreme Court has recently held that Philippine labor arbitrators lack jurisdiction to handle cases of this sort.[2] The Court will address Plaintiff's arguments in turn.

A. *A written arbitration agreement exists between the parties.*

■■■ For the Convention to permit removal to federal court, there must be a

---

1. The Convention is an .international agreement that gives effect to written arbitration agreements formed in member nations.

2. Plaintiff also argues that Defendant's removal of this case was untimely, but 9 U.S.C. § 205 permits a Defendant to remove a case pursuant to the Convention at any time before trial.

written arbitration agreement between the parties. In the instant case, Plaintiff's employment contract did not expressly include an arbitration agreement. However, Plaintiff's employment contract was an approved Philippines Overseas Employment Administration ("POEA") contract. Moreover, Section 2 of Plaintiff's contract, like other POEA-approved contracts, incorporated by reference the Standard Employment Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean–Going Vessels ("Standard Terms").[3] Significantly, Section 28 of the Standard Terms mandates that POEA or the (Philippines') National Labor Relations Commission ("NLRC") "shall have original and exclusive jurisdiction over any and all disputes...arising out of or by virtue of this contract." Because the NLRC is a body of labor arbiters, Section 28 effectively requires arbitration of disputes arising out of POEA-approved contracts. Therefore, a written arbitration agreement exists between the parties.

### B. The Convention applies to the employment contracts of seamen.

■ As adopted by Congress, the Convention is part of Title 9 of the United States Code, 9 U.S.C. § 1, *et seq.* ("Title 9"). According to 9 U.S.C. § 1, the *general provisions* of Title 9 do not apply to seamen's employment contracts. However, there is no indication that *the Convention* excludes seamen's employment contracts from its purview. Instead, the Convention states that "an arbitration agreement...arising out of a legal rela-

tionship, whether contractual or not, which is considered as commercial...falls under the Convention." 9 U.S.C. § 202. Numerous courts have held in accordance with this inclusive language that the Convention applies to the employment contracts of seamen *E.g., Francisco v. STOLT ACHIEVEMENT MT,* 293 F.3d 270, 272 (5th Cir.2002) (holding that 9 U.S.C. § 1 conflicts with the inclusive language of the Convention and thus may not restrict its scope); *Bautista, et al. v. Star Cruises and Norwegian Cruise Line, Ltd.,* 286 F.Supp.2d 1352 (S.D.Fla.2003); *Adolfo v. Carnival Corporation,* No. 02–23672–CIV–HUCK (S.D.Fla., March 17, 2003); *Amon v. Norwegian Cruise Lines,* No. 02–21025–CIV–HUCK (S.D.Fla., Sept. 26, 2002). Plaintiff offers no case that has held otherwise. Therefore, this Court finds that the Convention applies to the employment contracts of seamen.

### C. The contract at issue is a commercial contract.

■ As noted above, the Convention only applies to commercial contracts. 9 U.S.C. § 202. However, the Supreme Court has held that when determining whether Title 9 applies to an arbitration agreement, employment contracts qualify as commercial in nature. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 113, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Moreover, both the Fifth Circuit and this Court have held that seamen's employment contracts are commercial in nature for purposes of determining whether the Convention applies. *STOLT,* 293 F.3d at

---

**3.** Section 2 of Plaintiff's contract clearly refers to the Standard Terms by referencing "the terms and conditions of the revised Employment Contract for seafarers governing the employment of all Filipino seafarers approved by the POEA/Dole on July 14, 1989 under Memorandum Circular No. 41 series of 1989." Section 2 requires that those "terms and conditions" and *"amending circulars rela-*

*tive thereto* shall be strictly and faithfully observed" (emphasis added). On December 12, 1996, the Philippines' Department of Labor and Employment issued Department Order No. 33, which announced a series of amendments to the terms adopted in 1989. The new terms were set forth by POEA's Memorandum Circular No. 55 on December 16, 1996.

274; *Bautista, et al.* at 1359–60. Accordingly, this Court finds that Plaintiff's contract is commercial in nature.

D. *The arbitration agreement between the parties is valid under United States law despite the applicability of the Jones Act to this case.*

■■ Plaintiff argues that even if an arbitration agreement exists, it is invalid under United States law because an arbitration agreement may not deny Plaintiff the right to seek a remedy under the Jones Act. Plaintiff notes that the Jones Act incorporates the Federal Employers' Liability Act ("FELA"), and Plaintiff argues that FELA prohibits foreign forum selection clauses from denying a plaintiff the right to seek a remedy in a United States court.[4] But while Plaintiff cites authority for the proposition that a Jones Act claim may be *brought* by a foreign seaman,[5] Plaintiff fails to establish that a Jones Act claim may not be *removed* by a foreign company pursuant to the Convention. Conversely, Defendant notes that courts in recent years have altered their previous policy and upheld foreign forum selection clauses in contracts. *E.g., M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285 (11th Cir.1998). Moreover, courts have established a policy of favoring arbitration and enforcing arbitration agreements. *E.g., Shearson/American Exp., Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307 (11th Cir.2002). In accordance with these policies, this Court finds that the arbitration agreement between the parties is valid under United States law.

E. *The contract at issue is not a contract of adhesion and thus is valid under Philippine law.*

■ Plaintiff argues that even if an arbitration agreement exists, Plaintiff is not bound by the agreement under Philippine law because Plaintiff's employment contract is a contract of adhesion. Plaintiff claims to have been unaware of the arbitration provision at the time he signed his employment contract and argues that even if he had been aware of the provision, he had no choice but to accept it. In support, Plaintiff offers the testimony of other Philippine seamen, who claim that they lack bargaining power vis-a-vis their employers and are forced to sign their employment contracts under duress and without knowledge of the contracts' full contents. Plaintiff's claim that Philippine seamen lack bargaining power is weakened by the fact that POEA's Standard Terms were negotiated by a Tripartite Working Group, which consisted of three groups of negotiators, one of which represented the interests of Philippine seamen. Moreover, Plaintiff offers no evidence that Plaintiff himself signed his contract without an understanding of its full contents. Conversely, Defendant offers evidence that the terms of Plaintiff's contract were explained to him before he signed it and that prior to the start of his employment, Plaintiff attended a presentation during which his rights and obligations under his contract were again explained to him.[6] Therefore, this Court cannot conclude that Plaintiff's employment contract is a contract of adhesion.

---

**4.** In support, Plaintiff cites the 1949 case of *Boyd v. Grand Trunk Western R. Co.,* 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55.

**5.** In support of this proposition, Plaintiff cites *Royal Caribbean Cruises, Ltd. v. Payumo,* 608 So.2d 862 (Fla. 3d DCA 1992), and *Rojas v.*

*Kloster Cruise, A/S,* 550 So.2d 59 (Fla. 3d DCA 1989).

**6.** Defendant has submitted the affidavit of Happy A. Ballega, a recruiter for Norwegian Cruise Lines. Mr. Ballega asserts that as per

F. *This Court cannot determine whether the parties' arbitration agreement will be enforceable in the Philippines because the Court cannot interpret the scope of Philippine Supreme Court rulings.*

██ The arbitration clause contained in the contract between the parties provides the sole basis for federal subject matter jurisdiction in this matter.[7] Should arbitration prove unavailable in the Philippines, the parties' arbitration agreement would lose its validity, and this Court would have no choice but to remand the above-styled cause to state court.

██ Plaintiff argues that arbitration will not be available in the Philippines because the Philippine Supreme Court has held that Philippine labor arbiters lack jurisdiction over certain claims brought by seamen. *Tolosa v. National Labor Relations Commission, et al.*, G.R. No. 149578, 4/10/03. It is possible that the *Tolosa* holding applies to this case and will preclude arbitration, but significant distinctions exist between the two cases. In *Tolosa*, the plaintiff sought damages from his co-workers, with whom he had no contractual relationship, for negligence. *Tolosa* at 10. In this case, Defendant was Plaintiff's employer, a contract governed the parties' relationship, and Plaintiff has alleged numerous claims against Defendant in addition to negligence, including unseaworthiness, failure to provide maintenance and cure, and failure to treat.

Moreover, the *Tolosa* plaintiff sought damages not typically available in Philippine labor arbitration. *Tolosa* at 13. Here, Plaintiff seeks any damages the Court deems appropriate.

██ Therefore, this Court cannot determine whether the parties will obtain arbitration in the Philippines. However, should arbitration prove unavailable in the Philippines, this Court retains jurisdiction to remand the above-styled cause to Florida state court.[8]

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiffs' Motion for Remand be, and the same is hereby, DENIED. It is further

ORDERED and ADJUDGED that Defendant's Motion to Compel Arbitration be, and the same is hereby, GRANTED. Plaintiff is hereby DIRECTED to attempt to resolve this dispute through arbitration as per his employment contract. This Court retains jurisdiction to enforce this Order and to remand the above-styled cause to Florida state court should arbitration prove unavailable. It is further

ORDERED and ADJUDGED that any pending motions are DENIED as moot.

---

standard operating procedure, before Plaintiff signed his employment contract, Defendant's agents explained the contract's terms and conditions to Plaintiff in the Filipino language. Moreover, Mr. Ballega asserts that Plaintiff was required to attend a seminar prior to the departure of his ship, during which the terms and conditions of Plaintiff's employment contract were discussed with new employees in both the English and Filipino languages.

7. Pursuant to 9 U.S.C. § 201 *et seq.*, this Court must give effect to valid foreign arbitration agreements.

8. Plaintiff further argues that the Philippine statute of limitations has expired, and therefore, Plaintiff is time-barred from seeking arbitration in the Philippines. However, Defendant notes that the NLRC will not consider the statute of limitations unless Defendant raises it as a defense, and Defendant has vowed not to assert a statute of limitations defense against Plaintiff's claim.