[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

No. 05-13895
Non-Argument Calendar

_____

D. C. Docket No. 04-21627-CV-WMH

JANE DOE,

Plaintiff-Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 18, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Jane Doe appeals the District Court's order compelling arbitration in this

case. We hold that the District Court did not err in compelling arbitration in the Philippines because there was an enforceable arbitration agreement between the parties, and it is not apparent that Doe is precluded from having her claims arbitrated in the Phillippines. *See Bautista v. Star Cruises*, 396 F.3d 1289, 1302-03 (11th Cir.), *cert. dismissed*, ___ U.S. ___, 125 S. Ct. 2954, 162 L. Ed. 2d 884 (2005). We do reserve jurisdiction to remand this case for trial if Doe's claim that she has no forum to arbitrate all of her claims in the Philippines proves to be correct. *See Acosta v. Norwegian Cruise Line, Ltd.*, 303 F. Supp. 2d 1327, 1332 (S.D. Fla. 2003) (retaining jurisdiction to remand the action to a Florida state court in the event the Philippine tribunal rejected the claim).

**AFFIRMED.**