**SHEET METAL WORKERS LOCAL 57 WELFARE FUND, et al., Plaintiffs-Appellees,**

v.

**TAMPA SHEET METAL COMPANY, INC., Defendant-Appellant.**

No. 85–3483

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 6, 1986.

James J. Cusack, Tampa, Fla., William E. Powers, Jr., Tallahassee, Fla., for defendant-appellant.

W. Eric Venable, Tampa, Fla., for plaintiffs-appellees.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

In this appeal, we determine the effect of an interest arbitration clause in a collective bargaining agreement upon parties to the agreement after the agreement expires. We affirm the district court's ruling that such a clause, in combination with other expansive provisions, mandates arbitration under the agreement.

Tampa Sheet Metal Company, Inc. (TSM), the appellant, is an employer governed by the provisions of the National Labor Relations Act. TSM and Sheet Metal Workers Local 57 (Local 57) were parties to a collective bargaining agreement which contained an interest arbitration clause. In Article X, section 8, the interest arbitration clause provided:

> In addition to the settlement of grievances arising out of interpretation or enforcement of this agreement as set forth

in the preceding sections of this Article, any controversy or dispute arising out of the failure of the parties to negotiate a renewal of this agreement shall be settled as hereinafter provided:

(a) Should the negotiations for the renewal of this agreement become deadlocked ... either party may submit the dispute to the National Joint Adjustment Board.

The dispute shall be submitted to the National Joint Adjustment Board pursuant to the rules by the National Joint Adjustment Board. The unanimous decision of said Board shall be final and binding upon the parties, reduced to writing, signed and mailed to the parties as soon as possible after the decision has been reached. There shall be no cessation of work by strike or lockout unless and until said Board fails to reach a unanimous decision and the parties have received written notification of its failure.

. . . .

(d) Unless a different date is agreed upon mutually between the parties or is directed by the unanimous decision of the National Joint Adjustment Board, all effective dates in the new agreement shall be retroactive to the date immediately following the expiration date of the expiring agreement.

On March 25, 1983, Local 57 notified TSM that it intended to reopen the agreement to negotiate changes in its terms and provisions. TSM replied that it did not wish to participate in joint negotiations through the Sheet Metal and Air Conditioning Contractor's National Association (SMACNA) as it had previously done. Shortly thereafter, TSM and Local 57 entered into single negotiations.

On June 30, 1983, the date on which the agreement expired, TSM and Local 57 had not reached agreement. On July 1, 1983, Local 57 notified TSM of its intention to submit the dispute to arbitration pursuant to Article X, section 8 of the agreement.

Although TSM voluntarily absented itself from the hearing, the National Joint Adjustment Board (Joint Board) ruled that TSM was bound for another three years to the now expired agreement with increased benefits. The Joint Board also held that the interest arbitration clause was not included in this arbitrated contract.

TSM failed to pay any funds for hours worked by its employees as set forth in the Joint Board's arbitration award.

Local 57 and the funds filed a complaint in the United States District Court for the Middle District of Florida alleging that TSM had failed to make contributions to the Sheet Metal Workers Local 57 Welfare, Apprenticeship and Vacation Funds. Local 57 and TSM filed motions for summary judgment. The district court granted summary judgment on the issue of liability in favor of Local 57 and the funds. After further proceedings not relevant to the issue before us, the district court entered judgment in favor of Local 57 and the funds.

The single issue we must resolve is whether TSM is bound by the arbitrated renewal contract of the Joint Board.

TSM contends (1) that its withdrawal from the SMACNA precludes it from being bound by any arbitration decision of the Joint Board, (2) that the contract under which the parties were operating expired on June 30, 1983, prior to the date on which Local 57 submitted the dispute to arbitration, and (3) that enforcement of an interest arbitration clause is illegal because it requires a party to enter into perpetual arbitration.

We agree with the district court that withdrawal from SMACNA did not relieve TSM of its contractual responsibilities.

Likewise, *Ottley v. Sheepshead Nursing Home*, 688 F.2d 883 (2d Cir.1982), controls TSM's second claim. In *Ottley*, the court stated:

[T]he arbitrability of any dispute turns in the first instance on the arbitration clause of the contract. This is so because our duty is to implement the intent of the parties. To determine their intent, we must first examine the terms of their contract. If its arbitration clause is

broad, then we must find that the parties bargained to have any dispute that arguably falls within the scope of that clause settled through arbitration, absent compelling proof to the contrary.

*Ottley,* 688 F.2d at 886. *See also Nolde Brothers, Inc. v. Local 358, Bakery and Confectionary Workers,* 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). The important provision in this agreement, Article X, section 8, states in part: "Any controversy or dispute arising out of the failure of the parties to negotiate a renewal of this agreement shall be settled as hereinafter provided...." Section (d) of the arbitration clause further provides that "... all effective dates in the new agreement shall be retroactive to the date immediately following the expiration date of the expiring agreement." Article XVI of the agreement further provides that the contract "shall continue in force from year to year thereafter unless written notice is given not less than 90 days prior to the termination date of this agreement. In the event such notice of reopening is served—this agreement shall continue in force and effect until conferences relating thereto have been terminated by either party." We agree with the district court that such expansive language in the arbitration clause and the provision for retroactive dates rendered the question of whether the contract had terminated proper for arbitration. Since the arbitrator determined that the contract was in force, the parties were bound by that contract.

We hold that the contract between Local 57 and TSM provided for retroactive application and interest arbitration. TSM could not unilaterally withdraw from the responsibilities of that contract. The fact that it did not appear and participate in the arbitration proceedings before the Joint Board was of no legal effect.

■ Strong national policy favors arbitration of labor disputes. *Nolde Brothers Inc. v. Local 358 Bakery and Confectionary Workers Union,* 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). This strong national policy does not, however, allow interest arbitration clauses to be forced into arbitrated contracts more than one

time. *NLRB v. Columbus Printing Pressmen,* 543 F.2d 1161 (5th Cir.1976).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.