[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 25, 2003
THOMAS K. KAHN
CLERK

No. 02-13402

_____

D. C. Docket No. 98-00407-CV-WBH-1

MARIE THOMPSON,

                                        Plaintiff-Appellant
                                        Cross-Appellee,

        versus

PHARMACY CORPORATION OF AMERICA, INC.,
PHARMERICA DRUGS SYSTEM, INC.,

                                        Defendants-Appellees
                                        Cross-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2003)

Before EDMONDSON, Chief Judge, KRAVITCH, and GIBSON*, Circuit Judges.

_____

        *Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by
designation.

PER CURIAM:

This case involves the determination of reasonable attorney's fees in a successful civil rights case. Because the district court deducted from the attorney's fee calculation all of the time expended on litigating the fee issue, we reverse the district court's decision about attorney's fees, in part, and remand.

BACKGROUND

Marie Thompson filed an employment discrimination suit against Pharmacy Corporation of America and Pharmerica Drug Systems, Inc. (collectively "PCA"), claiming that PCA racially discriminated against her in violation of 42 U.S.C. § 1981. A single claim of discriminatory failure to promote was tried before a jury.[1] In that claim, Thompson alleged that a white woman -- whom Thompson trained -- was given the position of IV Reimbursement Coordinator ahead of Thompson, a black woman. At the trial, PCA moved for judgment as a matter of law both at the close of Thompson's case and at the close of all the evidence. The district court

---

[1] In the amended complaint (as interpreted by the district court), Thompson brought five claims: three failure-to-promote claims, a hostile work-environment claim, and a retaliation claim. The district court granted PCA's motion for summary judgment on four of the five claims, leaving only the claim for failure to promote Thompson to the position of IV Reimbursement Coordinator.

2

denied the motions, and the discrimination claim was submitted to the jury. The jury returned a verdict in favor of Thompson and awarded her $10,000 in compensatory damages and $75,000 in punitive damages.[2]

After obtaining a favorable verdict, Thompson's attorney, Ethel L. Munson, filed a  motion for attorney's fees pursuant to 42 U.S.C. § 1988. Ms. Munson's fee request comprised time spent exclusively on the successful discriminatory promotion claim and a fraction of the combined time expended on the successful and unsuccessful claims together. Ms. Munson included in her  itemizations the time that she spent working on the attorney's-fee issue. In addition to the original motion for fees, Ms. Munson submitted three supplemental filings to the district court (each time raising the dollar amount of her fee request) and a motion to compel discovery on the fee issue.

---

[2]Following entry of the jury's verdict in favor of Thompson, PCA again moved for judgment as a matter of law, arguing that Michelle Bishop (the white woman promoted to the IV Reimbursement Coordinator position) possessed such superior qualifications to Thompson that no reasonable jury could find otherwise, and arguing in the alternative that punitive damages were unwarranted. The district court concluded that Defendants "failed to establish that the evidence presented at trial was so one-sided that it must prevail as a matter of law." See Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986)(stating question for directed verdict is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). Defendants cross-appeal the district court's denial of the motion. We agree with the district court that the claim for failure to promote Thompson presented close questions of fact -- facts upon which reasonable people could reach different answers -- that were properly submitted to the jury. We affirm the district court's ruling on the motion for judgment as a matter of law.

3

The district court culled from Ms. Munson's itemized submissions those entries that described activities about the litigation of attorney's fees: the entries totaled 70.01 hours; and the district court allowed no recovery for Ms. Munson's time spent on the fee issue. The district court reasoned -- based on the many submissions by Ms. Munson about attorney's fees -- that Ms. Munson had engaged in excessive and unnecessary work in seeking fees and should receive no compensation for her inefficiency. The district court also reduced the number of work hours and the hourly rate that Ms. Munson claimed was necessary to compensate her for Thompson's representation on the successful claim. Ms. Munson -- through her client -- appeals the district court's diminishment of the claimed fee.

DISCUSSION

Section 1988 permits successful civil rights litigants to recover a reasonable attorney's fee.[3] The determination of appropriate fees is a discretionary matter for the district court, 42 U.S.C. § 1988; and we review the district court's

---

[3]"In any action or proceeding to enforce a provision of section[] 1981 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

4

fee calculations for an abuse of that discretion. But "that standard of review still allows us to closely scrutinize questions of law decided by the district court in reaching a fee award." Villano v. City of Boynton Beach, 254 F.3d 1302, 1304 (11th Cir. 2001)(quoting Clark v. Housing Auth. of Alma, 971 F.2d 723, 728 (11th Cir. 1992)). The explanation for the district court's fee determination must be sufficiently stated so that meaningful appellate review is possible. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)(stating court's fee order "must allow meaningful review -- the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation. If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper.")(citations omitted).

We have said that an attorney may recover fees for time spent litigating the award of a section 1988 fee. Villano, 254 F.3d at 1309 ("A prevailing party is entitled to reasonable compensation for litigating a § 1988 award. Additionally, post-judgment advocacy may generally be included in a § 1988 award.")(citations omitted); see also Johnson v. Mississippi, 606 F.2d 635, 638 (5th Cir. 1979)("We conclude that attorney's fees may be awarded for time spent litigating the fee

claim."). Ms. Munson argues that the district court abused its discretion -- in part -- by awarding her no compensation for the time she spent litigating the fee issue. The district court noted that Ms. Munson engaged in much unnecessary litigation about fees -- resulting in many filings -- and disallowed all of the 70.01 hours Ms. Munson claimed she expended while pursuing fees.

Lawyers should not be compensated for turning the litigation about attorneys' fees into a "second major litigation." Hensley v. Eckerhart, 103 S.Ct. 1933, 1941 (1983). The district court, however, may not entirely deny civil rights litigants the recovery of statutory fees (which we have said includes fees for litigating fees). Ms. Munson's entitlement to fees is a creature of legislative fiat and includes compensation for her reasonable efforts to pursue those statutory fees. The effect of completely denying compensation to Ms. Munson for the time she spent on the fee issue is to diminish the proper net award of attorney's fees for the successful civil rights claim: an outcome that frustrates the intent of Congress. Villano, 254 F.3d at 1309 (stating court rule allowing no recovery on belated fee submissions "would eviscerate a portion of the statutory entitlement created by § 1988, namely, the entitlement to compensation for necessary post-judgment advocacy"); Johnson, 606 F.2d at 638 ("'[I]f an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's

6

effective rate for all the hours expended on the case will be correspondingly decreased.'")(quoting Prandini v. National Tea Co., 585 F.2d 47, 53 (3d Cir. 1978)).

The district court abused its discretion -- as a matter of law -- when it deducted all the time attributed to Ms. Munson's efforts to recover a fee. See generally Norman, 836 F.2d at 1305-06 ("The court on reconsideration should bear in mind that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done.").

Ms. Munson also appeals the district court's decision to reduce the number of hours and the hourly rate associated with Ms. Munson's claim for fees. We conclude that the district court's fee reduction in this respect was within the court's discretionary authority.

Ms. Munson also argues -- through her client -- that the district court denied her the constitutional right to an evidentiary hearing on the fee issue. A hearing on the fee issue is required "where an evidentiary hearing was requested, where there were disputes of fact, and where the written record was not sufficiently clear to allow the trial court to resolve the disputes of fact . . . ." Norman, 836 F.2d at 1303. An evidentiary hearing is unnecessary for issues about which the district

court possesses sufficient expertise: "Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome." Id. at 1304. Because Ms. Munson has indicated no place in the record where she unequivocally requested an evidentiary hearing on the fee issue, Ms. Munson failed to meet the first prerequisite for obtaining a hearing (that she plainly request one in the first place). In addition, the issues that Ms. Munson would have raised at an evidentiary hearing were within the district court's expertise to decide without further evidence or argument beyond the written submissions.

The district court's reduction of Ms. Munson's attorney's fees was within the district court's proper exercise of discretion, except that the district court's conclusion that Ms. Munson should receive no compensation for the time she spent on the fee issue was an abuse of discretion. While we place no obligation on the district court to approve all of Ms. Munson's requested compensation on the fee-for-fees issue, we are confident that some legitimate time was expended by Ms. Munson in pursuing fees.

We affirm, except for the district court's decision about fees for litigating the principal fees; and we remand for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.