Donald HANSEN, Plaintiff,

v.

DEERCREEK PLAZA, LLC, Defendant.

CASE NO. 04–61208–CIV.

United States District Court, S.D. Florida.

March 21, 2006.

Cynthia K. Mitchell, Esq., Samuel C. Aurilio, Aurilio & Associates, North Palm Beach, FL, for Plaintiff.

Kristen Leigh Sampo, James C. Polkinghorn, Fisher & Phillips, Fort Lauderdale, FL, for Defendant.

*ORDER ON PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES AND COSTS (DE 28)*

SELTZER, United States Magistrate Judge.

THIS CAUSE is before the Court on Plaintiff's Verified Motion for Attorneys' Fees and Litigation Expenses and Costs (DE 28) and was referred to the undersigned United States Magistrate Judge pursuant to the consent of the parties.

*PROCEDURAL BACKGROUND*

Donald Hansen ("Plaintiff") filed this action for injunctive relief against Deercreek Plaza, LLC ("Defendant") pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* Subsequently, the parties entered into a Consent Decree, whereby Defendant agreed to pay Plaintiff's reasonable attorneys' fees, litigation expenses, expert's fees, and costs.[1]

---

1. Under the Consent Decree, the parties were to negotiate the amount of fees, expenses, and costs that Defendant was to pay and, if they could not agree, they would submit the matter to the Court for determination of the amount.

The Court approved and adopted the Consent Decree and retained jurisdiction to enforce the Consent Decree (DE 27). Plaintiff thereafter filed the instant Verified Motion for Attorneys' Fees and Litigation Expenses and Costs (DE 28). Plaintiff seeks a total award—fees, expenses, and costs—of $13,483.56. Defendant filed a response to the Motion (DE 32), and Plaintiff filed a reply (DE 33); Defendant then filed a surreply (DE 36), to which Plaintiff again filed a response (DE 37).

The matter is now ripe for decision.

## ATTORNEYS' FEES

The Americans with Disabilities Act ("ADA") has been appropriately described as "one of the landmark civil rights laws in this country." *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1335 (11th Cir.2004). To promote the interests of this legislation, Congress turned to the private bar, as it had to promote the interests of our nation's other civil rights laws. *Hensley v. Eckerhart*, 461 U.S. 424, 445, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (action brought under § 1988; "Congress could, of course, have provided public funds or government attorneys for litigating private civil rights claims, but it chose to limit the growth of the enforcement bureaucracy ... by continuing to rely on the private bar and by making defendants bear the full burden of paying for enforcement of their civil rights obligations."). For that reason, Congress expressly authorized awards of reasonable attorneys' fees, including litigation expenses and costs, to prevailing parties in ADA actions:[2]

> In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs....

42 U.S.C. § 12205. Indeed, were it not for the efforts of those attorneys willing to undertake the representation of ADA plaintiffs, there would be little, if any, enforcement of this landmark statute. *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (action brought under the Civil Rights Act of 1964; "If successful plaintiffs were routinely forced to bear their own attorney's fees, few aggrieved persons would be in a position to advance the public interest by invoking the injunctive powers of the federal court."). Furthermore, Defendant here expressly agreed to "pay [Plaintiff's] counsel ... for [Plaintiff's] attorneys' fees, litigation expenses, and costs incurred in this matter, and [Plaintiff's] expert, ... for [Plaintiff's] expert fees and costs incurred in this matter." Consent Decree ¶ 4 (Ex. A to Motion (DE 28)).

■■■ In the Motion, Plaintiff seeks attorneys' fees in the amount of $11,511.[3]

---

The parties were unable to agree on the amount, and the instant motion ensued.

**2.** It is undisputed that Plaintiff is the prevailing party herein. In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court noted that a "material alteration of the legal relationship of the parties" is necessary to permit an attorney's fee award under a "prevailing party" fee-shifting statute. *Id.* at 604, 121 S.Ct. 1835 (quoting *Tex. State Teachers Ass'n v. Garland Indep.*

*Sch. Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The Court ruled that a settlement agreement "enforced through a consent decree" is a "court-ordered change in the legal relationship" between the parties sufficient to support a fee award. *Id.*

**3.** Neither Plaintiff nor Defendant has requested a hearing, and the Court concludes that a hearing is not necessary. In *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303–04 (11th Cir.1988), the Eleventh Circuit ruled that a hearing on a fee petition is required only "where an evidentiary hear-

This Circuit has adopted the lodestar method to determine a reasonable attorneys' fee. *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). To establish a lodestar amount, a court must ascertain the number of hours an attorney reasonably expended on the litigation and then multiply that figure by a reasonable hourly rate. *Id.* at 1299–1302. Under appropriate circumstances, the lodestar amount may be adjusted to reach a more appropriate attorneys' fee. *Id.* at 1302. The fee applicant bears the burden of documenting the reasonable hours expended and reasonable hourly rates. *ACLU of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999).

## A. Reasonable Hourly Rates

■ In calculating a lodestar amount, the Court must first determine whether the hourly rates sought are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. *Norman* discussed the evidence needed to satisfy a fee applicant's burden of demonstrating reasonable rates:

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum [v. Stenson],* 465 U.S. [886] at 896 n. 11, 104 S.Ct. at 1547 n. 11, 79 L.Ed.2d 891. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates

actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. *See Hensley,* 461 U.S. [424] at 439 n. 15, 103 S.Ct. [1933] at 1943 n. 15, 76 L.Ed.2d 40. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman,* 836 F.2d at 1299. Satisfactory evidence may also include "citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." *Haugh v. Sec'y of Dep't of HHS,* No. 90–3128V, 1999 WL 525539, at *2 (Fed.Cl. June 30, 1999); *Design & Prod., Inc. v. United States,* 20 Cl.Ct. 207, 220 (1990) (same).

Throughout this litigation, Plaintiff was represented by the firm of Aurilio & Associates; attorneys Samuel Aurilio and Cynthia Mitchell provided the representation for the firm, assisted by paralegal Iris Thorn. Plaintiff seeks to be awarded a fee at an hourly rate for attorney Aurilio of $295, for attorney Mitchell of $225, and for paralegal Thorn of $90.

ing [is] requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact...." More recently, the Eleventh Circuit has explained that "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome.'" *Thompson v. Pharmacy*

*Corp. of Am.,* 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman,* 836 F.2d at 1304). The primary issues presented herein are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which the Court possesses sufficient expertise. Moreover, the written record here is of sufficient clarity to permit the Court to resolve any issues of fact that may exist.

■ Plaintiff proffers that attorney Aurilio normally charges an hourly rate of $295 to represent plaintiffs in ADA Title III cases. He further proffers that attorney Aurilio has practiced law in Florida for more than 15 years and has been involved in more than 120 ADA cases. In addition, he has been named Advocate of the Year for Palm Beach County and granted a citation by the Governor of Florida for his advocacy. Plaintiff also attaches to his motion the affidavits of two other ADA attorneys, who opine that $295 is within the range of the prevailing market rate in the South Florida legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Finally, Plaintiff submits that attorney Aurilio has previously been awarded fees in ADA cases at an hourly rate of $295 by other judges in this District. *See* Motion at 6–7 (citing decisions awarding attorney Aurilio $295 per hour). Significantly, Defendant does not object to awarding attorney Aurilio the requested rate. Furthermore, as *Norman* made clear, "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933). Based on Plaintiff's submissions, Defendant's failure to object, and the Court's own experience and knowledge of prevailing market rates for similar services in the South Florida legal community, the Court agrees that an hourly rate of $295 for attorney Aurilio is reasonable and appropriate.

■ Plaintiff proffers that attorney Mitchell, for whom a $225 hourly rate is requested, was admitted to the practice of law in September 2002; accordingly, she had approximately two to three years experience during the time she worked on the instant litigation. Plaintiff further proffers that attorney Mitchell has been lead counsel in more than 80 ADA Title III cases, and he attaches the affidavits of two other attorneys attesting to the reasonableness of her requested rate. Finally, Plaintiff references two other cases from judges in this District, wherein attorney Mitchell was awarded her $225 requested rate. *See* Motion at 7 (DE 28). But the cases cited by Plaintiff do not reflect any defense objection to the requested rate; here, the defense does object. Moreover, this Court had previously awarded an hourly rate of $150 to attorney Mitchell after she had been admitted to practice for one year. *See Access 4 All, Inc. v. Ramos–Mejia, Inc.*, No. 02–60733–Civ–Dimitrouleas (S.D.Fla. Sept. 22, 2003) (Seltzer, M.J.) (DE 34). Based on the Court's own experience and familiarity with ADA litigation and prevailing hourly rates in this District, and considering that attorney Mitchell had been litigating ADA cases for two to three years when she rendered the legal services, the Court concludes that a rate of $185 per hour for attorney Mitchell is reasonable and appropriate.

■ Finally, Plaintiff requests that the paralegal—Iris Thorn—be compensated at a rate of $90 per hour. Plaintiff proffered that paralegal Thorn has two and a half years experience handling ADA cases. Defendant does not contest the reasonableness of this rate, and the Court believes that it is within the range of prevailing paralegal rates for this District. Accordingly, the Court will issue an award for the work of paralegal Thorn at a rate of $90 per hour.

### B. *Hours Reasonably Expended*

■ The Court must next determine the reasonableness of the hours expended by Plaintiff's counsel. A fee applicant must set out the general subject matter of the time expended by the attorney "with

sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* at 1301. Thus, fee applicants are required to use "billing judgment." *Id.* In ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.*

In support of his Motion, Plaintiff has submitted his attorneys' itemized time records. Those records reflect that attorney Aurilio expended 6.9 hours, that attorney Mitchell expended 40.3 hours, and that paralegal Thorn expended 4.7 hours in litigating this action and in negotiating the settlement.

Defendant objects to any award of fees because Plaintiff proceeded with this litigation knowing that Defendant was making improvements to the property pursuant to a previous ADA settlement agreement. Alternatively, Defendant requests that Plaintiff's fees be substantially reduced because he (Plaintiff) resisted settling the matter earlier in the litigation. The Court, however, does not agree.

■ Plaintiff's entitlement to fees was memorialized in the Consent Decree to which Defendant agreed: "[Defendant] shall pay [Plaintiff's] counsel . . . for [Plaintiff's] attorneys' fees, . . . incurred in this matter." Consent Decree ¶ 4 (Ex. A to Motion (DE 28)). Furthermore, the ADA authorizes an award of fees to a prevailing party, and, by virtue of the Consent Decree, Plaintiff here was clearly the prevailing party. *See supra* note 2. Nor does the Court find persuasive Defendant's

argument that Plaintiff extended the litigation to inflate its fees. Although the parties did attend a mediation conference and exchange settlement documents months before entering into the Consent Decree, not all issues were able to be resolved at (or immediately following) the mediation.[4] For other reasons, however, the Court does find that some reduction in the hours claimed is warranted.

Attorney Aurilio seeks compensation for a total of 6.9 hours. The Court, however, finds that certain billing entries are excessive or otherwise non-compensable. His billing record for September 23, 2005, shows that he billed .3 hours to read and review an order continuing trial. Because this task could reasonably have been accomplished in .1 hours, the Court will disallow .2 hours. On September 21, 2004, attorney Aurilio billed .2 hours to review the summons and original complaint. Yet, attorney Mitchell had already billed 1.2 hours on August 16, 2004, to prepare the complaint. Attorney Aurilio's review was therefore duplicative; and the Court will disallow the .2 hours claimed. Accordingly, the Court will permit Plaintiff to be awarded a total of 6.5 hours of attorney Aurilio's time.

■ Attorney Mitchell seeks compensation for 40.3 hours. Certain of her billing entries as well warrant reduction or disallowance. Attorney Mitchell's billing statements contain numerous entries bearing the sole description "Activity: Status review file"; this description is unaccompanied by any further information. These billing entries lack the requisite particularity to enable this Court to assess the necessity and reasonableness of the time claimed. These entries, totaling 1.5 hours, appear for the following dates and times:

---

**4.** By way of example, there existed an issue involving overlapping parking with a neighboring Albertsons store, and Plaintiff was awaiting a court ruling on certain parking issues in that matter before he could finalize the instant litigation.

Feb. 7, 2005—.2 hours; Feb. 22, 2005—.2 hours; March 1, 2005—.2 hours; March 8, 2005—.2 hours; March 15, 2005—.2 hours; April 8, 2005—.1 hours; May 2, 2005—.1 hours; October 8, 2005—.1 hours; October 31, 2005—.1 hours; December 1, 2005—.1 hours. Accordingly, the Court will disallow 1.5 hours billed by attorney Mitchell but denoted merely as "status review." Furthermore, in his Reply, Plaintiff acknowledges, and the Court agrees, that attorney Mitchell's billings contain some duplication. Attorney Mitchell billed .5 hours for drafting a joint scheduling conference report on January 21, 2005. Because she had previously billed for revising and emailing this document on January 18, 2005, this duplicative billing will be disallowed. In addition, on May 25, 2005, attorney Mitchell billed .7 hours for reviewing a notice of mediation and discussing the results of the mediation with attorney Aurilio. Although Plaintiff acknowledges that some reduction is warranted because she billed .1 hours on May 9 for reviewing the same notice, the Court will disallow the full .7 hours. Finally, the billing statements contain an excessive entry that warrants reduction. On March 28, 2005, attorney Mitchell billed .3 hours to review a one page letter from defense counsel; the Court will reduce this number by .2 hours and award Plaintiff .1 hours for reviewing the letter. The Court, therefore, will deduct 2.9 hours from the 40 .3 hours claimed; it will award Plaintiff fees for 37.4 hours expended by attorney Mitchell.

██ Paralegal Thorn seeks compensation for 4.7 hours expended on this litigation. Defendant contends that administrative work by the paralegal should be disallowed. A court may award fees for the work of paralegals, but "only to the extent that [they] perform work traditionally done by an attorney." *Scelta v. Delicatessen Support Servs., Inc.,* 203 F.Supp.2d 1328, 1334 (M.D.Fla.2002) (quoting *Jean v. Nelson,* 863 F.2d 759, 778

(11th Cir.1988)). By contrast, "work that is clerical or secretarial in nature is not separately recoverable." *Id.* (denying attorney's fees for such clerical and secretarial work as gathering materials and copying, mailing, and refiling them). The Court has reviewed paralegal Thorn's billing statements and finds that the work for which Plaintiff seeks compensation—telephoning opposing counsel, conferencing with Plaintiff's expert, attending the on-site inspection, drafting cover letters and emails—was the type of work traditionally performed by an attorney. Accordingly, the Court will award Plaintiff the full 4.7 hours claimed for paralegal Thorne.

In sum, the undersigned will award Plaintiff attorneys' fees based on a total of 48.6 hours—6.5 hours by attorney Aurilio, 37.4 hours by attorney Mitchell, and 4.7 hours by paralegal Thorn—reasonably expended in this litigation.

### C. *Lodestar Amount*

Multiplying the reasonable number of hours expended by Plaintiff's counsel by the reasonable hourly rates—6.5 hours at a $295 hourly rate (Aurilio), 37.4 hours at a $185 hourly rate (Mitchell), and 4.7 hours at a $90 hourly rate (Thorn)—results in a lodestar amount of $9,259.50. The Court will enter an attorneys' fee award in this amount.

### *EXPERT FEES, COSTS, AND LITIGATION EXPENSES*

██ A prevailing ADA plaintiff may recover expert fees as a litigation expense. *Lovell v. Chandler,* 303 F.3d 1039, 1058 (9th Cir.2002) ("[B]ecause the term 'litigation expenses' normally encompasses expert witness fees, we hold that [the ADA, § 12205] provides direct authority for the award of expert fees"; noting that the preamble to ADA regulations also identifies expert fees as part of litigation ex-

penses); *see also Shepard v. Honda of Am. Mfg., Inc.,* 160 F.Supp.2d 860, 875–76 (S.D.Ohio 2001) (awarding expert fees to prevailing ADA plaintiff).

█ Plaintiff has submitted the invoices of his expert, who billed at an hourly rate of $150. Plaintiff seeks an expert fee award of $1,350; this sum is composed of $600 [5] for a pre-suit investigatory inspection of the property and $750 for a second inspection. These charges reflect the expert's time traveling to and from the subject property, inspecting the property, producing the reports, researching, and otherwise preparing the matter. Defendant challenges the $600 sought for the initial inspection because no report was produced nor were the results utilized in this litigation. The Court, however, disagrees. Conducting a pre-suit investigatory inspection to confirm the existence of the barriers complained of is sound legal practice. Furthermore, Plaintiff's counsel represents that a report was generated, which would have been provided to Defendant had it made such a request. Because the invoices describe necessary expert services rendered at a reasonable rate, the Court finds that the requested expert's fee of $1,350 is appropriate and in line with ADA expert fees awarded in this District. *See, e.g., Ass'n for Disabled Americans v. North Beach Hotel, Inc.,* 97–133–Civ–Highsmith (S.D. Fla. June 21, 1998) (DE 35) (awarding expert fees of $3,755.50 based on $185 hourly rate).

In his Motion, Plaintiff also seeks reimbursement for other costs and expenses in the total amount of $622.56: filing fee—$150; photocopies—$72.50; mediation services—$325; service of process—$35; travel—$30.73; and postage—$9.33. Of these costs, Defendant does not dispute

the propriety of awarding costs for the filing fee, service of process fee, postage charges, and travel charges, which total $225.06. The balance, to which Defendant does object, is composed of the photocopies ($72.50) and the mediation services ($325).

█ Photocopying charges are taxable as costs to a prevailing party under 28 U.S.C. § 1920(4). Beyond the costs authorized in § 1920, the ADA authorizes an award of litigation expenses under 42 U.S.C. § 12205. "Section 12205's allowance of 'litigation expenses' is much broader than the provisions of § 1920," and it includes expenditures for items that are related to the advancement of the litigation. *Corbett v. Nat'l Prods.,* No. 94–2652, 1995 WL 284248, at *4 (E.D.Pa. May 9, 1995); *accord Chaffin v. Kansas,* No. 01–1110–JTM, 2005 WL 387654, at *2 (D.Kan. Feb. 17, 2005); *Robins v. Scholastic Book Fairs,* 928 F.Supp. 1027, 1036–37 (D.Or. 1996). Finally, in the Consent Decree, Defendant expressly agreed to compensate Plaintiff for all litigation expenses and costs incurred in this matter. Although Defendant asserts that Plaintiff made the disputed photocopies solely for the convenience of counsel, it fails to specify the number of copies that it alleges were so made. Moreover, these copy charges are expenses all of a type routinely billed to a client and are therefore compensable. *See United States v. Adkinson,* 256 F.Supp.2d 1297, 1320 (N.D.Fla.2003). Accordingly, the Court will award Plaintiff the $72.50 sought for photocopies.

█ Defendant also objects to the Court awarding Plaintiff the $325 he incurred for mediation services on the ground that such costs are not compensable under § 1920. The Court disagrees.

---

**5.** The expert's invoice shows a $1,200 charge, but this amount includes the charge for inspecting the adjacent Albertsons grocery store, which Plaintiff sued separately. Ac-

cordingly, Plaintiff here is seeking compensation for only one-half of the amount charged—$600.

Although mediation fees are not compensable under § 1920, they are compensable litigation expenses under the ADA. *See Clark v. Peco, Inc.*, No. 97–737–HU, 1999 WL 398012, *12 (D.Or. April 16, 1999) (awarding mediation fee as an ADA litigation expense); *see also Robins*, 928 F.Supp. at 1036–37 (interpreting 42 U.S.C. § 12205 to allow recovery for "all necessary litigation expenses, so long as they are not overhead expenses absorbed by counsel"). Accordingly, the Court will allow Plaintiff to recover his $325 mediation fee.

The Court, therefore, finds that all the costs—$622.56—sought by Plaintiff are compensable and will include this sum in its award.

### CONCLUSION

Based on the foregoing, the Plaintiff's Verified Motion for Attorneys' and Litigation Expenses and Costs (DE 28) is GRANTED and Defendant shall pay to Plaintiff attorneys' fees in the amount of $9,259.50, an expert fee in the amount of $1,350, and costs and expenses in the amount of $622.56, for a total award of $11,232.06. Pursuant to the terms of the Consent Decree, Defendant shall make this payment on or before ten days from the date hereof.

The Court will enter a separate Judgment for fees, expenses, and costs simultaneously herewith.