[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15424
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03341-RLV

AETNA GROUP USA, INC.,

Plaintiff - Counter
Defendant-Appellant,

versus

AIDCO INTERNATIONAL, INC.,

Defendant - Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 24, 2011)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Aetna Group USA, Inc. appeals the district court's denial of attorney's fees

and costs of litigation. The court granted Aetna's unopposed Motion for Summary Judgment against AIDCO International, Inc. ("AIDCO"), but denied Aetna's request for fees and expenses because Aetna submitted insufficient evidence for the court to determine the reasonableness of its request. Aetna now appeals, arguing the district court erred by denying attorney's fees based on an insufficient factual record without first allowing Aetna an opportunity to supplement the supporting affidavit and billing record.

We review the denial of attorney's fees for an abuse of discretion. *In re Trinity Indus., Inc*, 876 F.2d 1485, 1496 (11th Cir. 1989). A fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. . . . [And fee counsel must supply] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988). At a minimum, the party seeking attorney's fees must produce more than an affidavit from the attorney performing the work. *Id.* at 1299.

Aetna fell short of meeting this burden. However, we have held that "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee . . . the district court traditionally has had the power to make such an award without the need of further pleadings or an

2

evidentiary hearing."  *Id.* at 1303; *see also Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1246 (11th Cir. 2003) (per curiam) (holding the "district court's conclusion that [the attorney] should receive *no compensation*" was an abuse of discretion because "we are confident that *some* legitimate time was expended by [the attorney]").  Thus, the district court should have given Aetna "an adequate opportunity to respond to the court's concerns regarding the fee application and to correct perceived inadequacies in that application before making its decision." *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987) (per curiam).

Accordingly, the judgment of the district court is reversed.  On remand, the court should permit fee counsel to supplement its inadequate fee application.

**REVERSED.**