[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11655
Non-Argument Calendar
_____

Docket No. 0:14-cv-60237-RSR


NIKOLAY TRIFONOV,

Plaintiff-Appellant,

versus

MSC MEDITERRANEAN SHIPPING COMPANY SA,
MSC CRUISES (USA), INC.,
MSC CROCIERE S.A.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 21, 2014)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.


PER CURIAM:


Nikolay Trifonov appeals the district court's order compelling him to arbitrate his claims against Defendant MSC Mediterranean Shipping Company ("MSC"), a Swiss-based company, for Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, and failure to treat. No reversible error has been shown; we affirm.

Trifonov was allegedly injured while working as a crew member aboard the *MSC Magnifica*, a cruise ship owned by MSC and registered and flagged in Panama. Trifonov filed this civil action in state court, asserting claims under the Jones Act and general maritime law. MSC removed the case to federal court and filed a motion to compel arbitration based on a provision of the collective agreement ("Agreement") it had entered into with Trifonov's seafarer's union, which was incorporated into Trifonov's employment contract.

The Agreement provides that all claims by seafarers against MSC, including expressly the kinds of claims asserted in this case by Trifonov, "must be referred to arbitration to the exclusion of any other legal or court proceeding." According to

the Agreement, arbitration shall take place in Panama and shall be governed by the "law of the vessel's flag," which in this case is also Panama.

The district court granted MSC's motion, dismissed Trifonov's complaint, and ordered the parties to proceed to arbitration in compliance with the Agreement. This appeal followed.

We review a district court's order compelling arbitration de novo. Bautista v. Star Cruises, 396 F.3d 1289, 1294 (11th Cir. 2005).

"In deciding a motion to compel arbitration under the [United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards ("Convention")], a court conducts 'a very limited inquiry.'" Id. Under the Convention, a district court must compel arbitration unless the court concludes either that (1) the Convention's "four jurisdictional prerequisites are not met"[1] or (2) that "one of the Convention's affirmative defenses applies." Id. at 1294-95. We are "mindful that the Convention Act 'generally establishes a strong presumption in favor of arbitration of international commercial disputes." Id. at 1295.

---

[1] An agreement to arbitrate is governed by the Convention if these four jurisdictional prerequisites are present: (1) the agreement is "in writing within the meaning of the Convention;" (2) the agreement provides for "arbitration in the territory of a signatory of the Convention;" (3) "the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial;" and (4) one of the parties to the agreement is not an American citizen. Bautista, 396 F.3d at 1294 n.7. That conditions (1), (2), and (4) are satisfied in this case is undisputed. On appeal, Trifonov challenges only the third condition.

3

On appeal, Trifonov argues that his agreement to arbitrate fails to satisfy one of the Convention's jurisdictional factors.  He contends that, pursuant to section 1 of the Federal Arbitration Act ("FAA") -- which excludes expressly "contracts of employment of seamen" from the definition of "commerce" -- his employment contract is no "commercial" legal agreement for purposes of the Convention.  Trifonov's argument is foreclosed by our decision in Bautista, in which we concluded that the Convention recognizes no exception for seamen employment contracts.  See Bautista, 396 F.3d at 1295-1300.  Because we conclude that each of the four jurisdictional prerequisites has been met, we now examine whether one of the Convention's affirmative defenses applies.

Trifonov contends that the Agreement's arbitration clause is void as against public policy, based on the Supreme Court's "effective vindication exception," arguing that enforcing the arbitration agreement would waive prospectively his rights secured under United States law.  In support of his argument, Trifonov describes various ways in which he contends that application of Panamanian law will deprive him of his rights under United States law.  In the light of our decision in Lindo v. NCL (Bahamas), Ltd., 652 F.3d 1257 (11th Cir. 2011), we reject Trifonov's arguments as "premature" at this stage in the proceedings.

In Lindo, we explained that a party seeking to enforce an arbitration agreement under the Convention had two available causes of action: "(1) an action

4

to compel arbitration in accord with the terms of the agreement . . . , and (2) at a later stage, an action to confirm an arbitral award made pursuant to an arbitration agreement . . . ."  652 F.3d at 1262-63.  And we concluded that a public-policy defense may be raised only at the award-enforcement stage, not at the arbitration-enforcement stage.  See id. at 1280-82, 1284 (concluding, despite plaintiff's contentions that foreign law would provide an inadequate remedy, that plaintiff's public policy defense was "premature" at the arbitration-enforcement stage).

Trifonov argues that Lindo is not good law.  First, he contends that Lindo conflicts with the Supreme Court's decisions in Am. Express Co. v. Italian Colors Rest., 133 S.Ct. 2304 (2013), and Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 105 S.Ct. 3346 (1985).  In Italian Colors, the Supreme Court acknowledged the "effective vindication" doctrine, which the Court said "originated as dictum in Mitsubishi Motors," and which had been discussed (but not applied) in two other Supreme Court cases.  See 133 S.Ct. at 2310.  But the Supreme Court still declined to apply the doctrine to invalidate the arbitration agreement at issue in that case.  Id.  Because the Italian Colors decision does not conflict with our decision in Lindo (which we determined was consistent with Mitsubishi Motors), Lindo remains good law.

Second, Trifonov argues that, under the prior-precedent rule, we are bound by this Court's decision in Thomas v. Carnival, 573 F.3d 1113 (11th Cir. 2009),

5

instead of <u>Lindo</u>.  But, as discussed at length in <u>Lindo</u>, to the extent that <u>Thomas</u> acknowledged the availability of a public-policy defense at the motion-to-compel stage, it conflicted with this Court's even earlier precedent in <u>Bautista</u> and, thus, itself violated the prior-precedent rule.  See <u>Lindo</u>, 652 F.3d at 1277-80; see also <u>Burke-Fowler v. Orange Cnty., Fla.</u>, 447 F.3d 1319, 1323 n.2 (11th Cir. 2006) ("[W]hen a later panel decision contradicts an earlier one, the earlier panel decision controls.").

Trifonov also contends that his Jones Act claim cannot, as a matter of law, be removed to federal court.  We accept that Jones Act claims are not generally subject to removal.  See e.g., <u>Am. Dredging Co. v. Miller</u>, 114 S.Ct. 981, 992 (1994) (citing 28 U.S.C. § 1445(a) and noting that Congress "appears to have withheld from Jones Act defendants the right of removal generally applicable to claims based on federal law.").  But that Jones Act claims may be subjected to arbitration under the Convention is clear.  See <u>Lindo</u>, 652 F.3d at 1286-87.  And the Convention authorizes the removal to federal court of claims "relat[ing] to an arbitration agreement or award falling under the Convention."  See 9 U.S.C. § 205.

Although we have not addressed the removal issue expressly, this Court has routinely compelled arbitration of Jones Act claims that had been removed under 9 U.S.C. § 205 when they relate to an arbitration agreement under the Convention.  See, e.g., <u>Martinez v. Carnival Corp.</u>, 744 F.3d 1240 (11th Cir. 2014); <u>Lindo</u>, 652

6

F.3d 1257; <u>Bautista</u>, 396 F.3d 1289.  And the few other courts that have decided the issue have concluded that removal of Jones Act claims is proper under the Convention.  See, e.g. <u>Pysarenko v. Carnival Corp.</u>, 2014 U.S. Dist. LEXIS 59990, *20 (S.D. Fla. 2014) (concluding that "Jones Act claims are removable under the Convention"); <u>Allen v. Royal Caribbean Cruise, Ltd.</u>, 2008 U.S. Dist. LEXIS 103783, *12 (S.D. Fla. 2008), <u>aff'd</u>, 353 F. App'x 360 (11th Cir. 2009) (same); <u>Amizola v. Dolphin Shipowner, S.A.</u>, 354 F. Supp. 2d 689, 695 (E.D. La. 2004) ( "a claim under the Jones Act does not defeat removal under the Convention Act"); <u>Acosta v. Norwegian Cruise Line, Ltd.</u>, 303 F. Supp. 2d 1327, 1331 (S.D. Fla. 2003) (same).  We are persuaded that Trifonov's Jones Act claim, which is governed by the Convention, was removed properly to federal court.[2]

In the light of this Circuit's binding precedent, the district court correctly granted MSC's motion to compel arbitration.

AFFIRMED.

---

[2] We also reject Trifonov's argument that the Jones Act trumps the Convention based on the "one last in date" doctrine. <u>See Lindo</u>, 652 F.3d at 1286-87 (rejecting plaintiff's argument that the 2008 amendments to the Jones Act rendered his Jones Act claim arising under the Convention inarbitrable).