[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12378
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-20010-FAM


VITALIL PYSARENKO,

                                        Plaintiff - Appellant,

versus

CARNIVAL CORP.,
d.b.a. Carnival Cruise Lines,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 12, 2014)

Before JORDAN, JILL PRYOR, and COX, Circuit Judges.

PER CURIAM:

Pysarenko, the plaintiff in this case, filed a complaint against Carnival Corporation in the Eleventh Judicial Circuit Court in Miami-Dade County, Florida. Pysarenko alleges that he worked as a karaoke host aboard Carnival's ship, the "Carnival Dream." He alleges that, as a result of negligence by Carnival, he injured his back carrying Karaoke equipment in the course of his duties on November 30, 2010. He further alleges that Carnival failed to provide him with reasonable medical care and denied him the benefit of maintenance and cure. After removing the case to the Southern District of Florida, Carnival moved to dismiss the action and compel arbitration pursuant to the arbitration clause in the employment contract between Pysarenko and Carnival. The district court granted the motion. Pysarenko appeals, challenging that order.

Pysarenko presents five issues on appeal. First, Pysarenko argues that the choice-of-law clause in the arbitration provisions in his employment contract is void under 45 U.S.C. § 55. Second, he argues that the foreign-forum clause in the arbitration provisions is void under 45 U.S.C. §§ 55 and 56. Third, he argues that the entire arbitration clause is void under 45 U.S.C. §§ 55 and 56 and 46 U.S.C. § 30104. Fourth, he argues that the arbitration clause is void as against public policy because the choice-of-law and choice-of-forum provisions operate in tandem as a prospective waiver of Pysarenko's rights to pursue his statutory remedies under United States law. Fifth, he argues that the arbitration clause is void as against

2

public policy for attempting to deprive Pysarenko of his Jones Act rights to pursue his claims in state court and have them tried by a jury.

Pysarenko admits that his fourth and fifth arguments are contrary to the law of this circuit, and seeks only to preserve them for further review. (Br. for Appellant at 2). The district court, in a well-reasoned opinion, carefully considered and properly rejected Pysarenko's remaining arguments. (Order Granting Def.'s Mot. to Compel Arbitration and Den. Pl.'s Mot. to Remand, Doc. 37 at 3, 5, 9–10). We conclude that the court did not err. We affirm.

**AFFIRMED.**