**Karlens BENDLIS, Plaintiff,**

**v.**

**NCL (BANAMAS), LTD., Defendant.**

**Case No. 15–21250–CIV.**

United States District Court, S.D. Florida, Miami Division.

Signed July 5, 2015.

Filed July 6, 2015.

Luis Alfonso Perez, Luis A Perez PA, Elizabeth Koebel Russo, Russo Appellate Firm, Miami, FL, for Plaintiff.

Darren Wayne Friedman, Jeffrey Eric Foreman, Marcus G. Mahfood, Foreman Friedman, PA, Miami, FL, for Defendant.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon NCL's Motion to Compel Arbitration [D.E. 6], Plaintiff's Motion to Remand [D.E. 7], and Plaintiff's Motion to Stay [D.E. 8].

**THE COURT** has considered the Motions, the Responses and Replies thereto, pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated below, NCL's Motion is **GRANTED** and Plaintiff's Motions are **DENIED**.

## I. FACTUAL & PROCEDURAL BACKGROUND

Karlens Bendlis ("Plaintiff"), a citizen of Nicaragua, began working as a seaman for Norwegian Cruise Lines ("NCL") on May 17, 2009. [D.E. 1–1]. After Plaintiff completed his assignment on the Norwegian Star on March 11, 2011, he received a new assignment on the Norwegian Sun departing from Copenhagen, Denmark on June 13, 2011. [D.E. 1–1, 1–4]. NCL arranged and paid for Plaintiff's travel to and accommodations in Copenhagen. [D.E. 1]. However, prior to starting his assignment on the Norwegian Sun, Plaintiff suffered an episode of complete mental disorientation and was later admitted to a psychiatric ward. [D.E. 1–1, 1–2]. Plaintiff has since been diagnosed with a brain cyst. *Id.*

Plaintiff commenced this action on November 24, 2014 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida alleging NCL's lia-

bility for: (1) Failure to provide prompt and adequate medical care; (2) Failure to provide maintenance and cure; and (3) Intentional infliction of emotional distress. *See Bendlis v. NCL (Bahamas), Ltd.,* Case No. 14–CIV–24731, D.E. 1–1 at 2 (S.D.Fla. Dec. 15, 2014); [D.E. 1–2]. NCL removed that action to federal court on the basis that Plaintiff fraudulently pled his Jones Act claim. [D.E. 1–1]. NCL argued that Plaintiff was not an employee because his employment agreement concluded on March 11, 2 011 and he did not sign his new contract or begin his next assignment on the Norwegian Sun. *Id.* Plaintiff countered by moving to remand to a state forum on the basis that Jones Act claims are non-removable and Defendant did not meet its required burden of proving fraudulent pleading. *Id.*

In granting Plaintiff's Motion to Remand, Judge Altonaga held that: (1) Plaintiff did qualify as a "seaman" under the Jones Act; and (2) NCL did not meet the high burden of proof necessary to show that establishing a Jones Act claim was not possible. *Id.* Judge Altonaga did not consider Counts II and III of Plaintiff's Complaint. *Id.* On remand, Plaintiff filed a Second Amended Complaint re-alleging Counts I (specifying it as a Jones Act claim), II, and III. [D.E. 1–2, 7].

After removing the case to this Court for a second time, NCL now moves to compel arbitration pursuant to the signed arbitration clause in Plaintiff's Employment Agreement and the Collective Bargaining Agreement ("CBA"). [D.E. 1, 1–3, 6]. In turn, Plaintiff moves to remand and challenges NCL's second removal on the basis of a lack of circumstances to establish new and different grounds for removal. [D.E. 7]. Plaintiff also moves to stay this proceeding and argues that the issue of remand should be addressed first and, if denied, that he be given more time to respond to NCL's motion. [D.E. 8]. The Court will address the merits of the parties' Motions below.

## II. APPLICABLE LAW & DISCUSSION

Two major issues confront the Court in this case. First, the Court must consider NCL's Motion to Compel Arbitration to determine which court, state or federal, should address Plaintiff's Jones Act claim. Next, the Court must consider Plaintiff's Motion to Remand to determine if jurisdiction exists over his claim.

### A. NCL's Motion to Compel Arbitration

In its Motion, NCL asks the Court to compel arbitration pursuant to the clauses contained in the Employment Agreement and the CBA signed by Plaintiff. [D.E. 6]. NCL claims Plaintiff "agreed in writing that any claims, grievances, and disputes of any kind whatsoever 'relating to or in any way connected with the Seaman's shipboard employment with Company' shall be resolved exclusively by binding arbitration" pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *Id.* In response, Plaintiff contends that no written agreement presently exists between the parties and no written agreement existed at the time of his mental disorientation because the prior Employment Agreement expired on March 11, 2011. [D.E. 10].

Essentially, NCL argues that the prior expired Employment Agreement does not necessarily terminate the arbitration clause contained therein. [D.E. 6]. Rather, NCL maintains that the Court should interpret the arbitration clause broadly to survive expiration of the contract. *Id.* Moreover, NCL argues that a dispute arising from an employer-employee relationship such as the Employment Agreement and CBA justifies survival of the arbitration clause. *Id.*

Accordingly, arbitration agreements are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"), codified at 9 U.S.C. §§ 202–208 (2002). An arbitration agreement "confers federal subject[-]matter jurisdiction upon a district court because such a case is 'deemed to arise under the laws and treaties of the United States.'" *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir.2005) (quoting 9 U.S.C. § 203). The Convention applies if four jurisdictional prerequisites are met:

> (1) There is an agreement in writing ...; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen.

*Id.* at 1294 n. 7. The Court is required to compel arbitration under the Convention when: (1) the four jurisdictional prerequisites are met, and (2) none of the Convention's affirmative defenses apply. *Id.* at 1294–95. An affirmative defense is defined as "a defense which 'admits the essential facts of a complaint and sets up other facts in justification or avoidance.'" *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D.Fla.2013); *see also Katz v. Chevaldina*, 2013 WL 2147156, at *1 (S.D.Fla. May 15, 2013) (holding that an affirmative defense is "one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter"). The Convention limits such defenses to agreements that are "null and void, inoperative or incapable of being performed." *Bautista*, 396 F.3d at 1294–95, 1296 n. 9, 1301 (citing Convention, art. II, § 3).

Moreover, the Court applies a strong presumption in favor of enforcement of arbitration. *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1269, 1275 (11th Cir.2011). However, "courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1214 (11th Cir.2011) (quoting *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419–20 (11th Cir.1990)). A claim arising under United States statutory law, such as a Jones Act claim, is arbitrable. *Lindo*, 652 F.3d at 1269, 1275–76; *Bautista*, 396 F.3d at 1303 (stating that the Convention precludes exemption for seamen's employment agreements).

Here, the four jurisdictional prerequisites are met based upon the facts and documents presented by NCL at the time of removal. *See Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243 n. 2 (11th Cir.2007). The Employment Agreement signed by Plaintiff on August 28, 2010 contains a written arbitration clause titled "12. ARBITRATION," which states in pertinent part:

> Seaman agrees, on his own behalf ... that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company including, but not limited to, claims such as personal injuries, *Jones Act claims*, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, ... shall be referred to and resolved exclusively by binding arbitration pursuant to [the Convention].

[D.E. 1–4] (emphasis added). Additionally, the Employment Agreement incorporates by reference the CBA, which, under Article 8, Section 7, provides in relevant part:

> (a) The NSU [Norwegian Seafarers' Union], Seafarer and NCL agree that all

claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seafarer's shipboard employment with NCL including, but not limited to, claims such as personal injuries, *Jones Act claims*, actions for maintenance and cure, unseaworthiness, or otherwise, no matter how described, pleaded or styled, shall be referred to and resolved exclusively by binding arbitration pursuant to the ... [the Convention].

[D.E. 1–5] (emphasis added). Together, these two documents satisfy the first jurisdictional prerequisite of the Convention because they are agreements in writing. *See* [D.E. 1–4, 1–5]; *Pysarenko v. Carnival Corp.*, 2014 WL 1745048, at *2 (S.D.Fla. April 30, 2014), *aff'd*, 581 Fed. Appx. 844 (11th Cir.2014), *cert. denied*, —— U.S. ——, 135 S.Ct. 2378, 192 L.Ed.2d 164 (2015) (finding the written agreement to meet the first jurisdictional element of the Convention's prerequisites).

Furthermore, the second jurisdictional prerequisite is provided for in the Employment Agreement, which states that "[t]he place of the arbitration shall be the Seaman's country of citizenship." [D.E. 1–4]. Plaintiff is a citizen of Nicaragua. *See id.* Nicaragua is a signatory to the Convention and incorporated its provisions into Nicaraguan law in 2003. *Ballesteros v. NCL (Bahamas) Ltd.*, 925 F.Supp.2d 1303, 1305 (S.D.Fla.2013) ("Nicaragua, where Plaintiff is a citizen, ... [is a] signator[y] to the Convention").[1] [D.E. 1–4, 6–1].

Additionally, Plaintiff's Employment Agreement, including the arbitration clause, created a commercial legal relationship from which Plaintiff's claim arises. *See* [D.E. 1–4]; *Bautista*, 396 F.3d at 1300 (finding crewmembers' arbitration provisions to constitute a commercial legal relationship). Due to the nature of his allegations, Plaintiff would not be able to bring a Jones Act claim without showing an employer-employee relationship with NCL. *See* 46 U.S.C. § 30104; [D.E. 1–1]. Here, the Employment Agreement and the CBA together create an employer-employee relationship that the parties relied upon, resulting in a commercial legal relationship. [D.E. 1–4, 1–6]; *Bautista*, 396 F.3d at 1300.

The final jurisdictional prerequisite is met because Plaintiff is a citizen of Nicaragua as reflected in the portion of the Employment Agreement labeled "Nationality" and indicating "NIC" for Nicaragua. *See* [D.E. 1–4]. By doing so, Plaintiff satisfies the Convention's requirement that at least one of the parties be a foreign citizen. [D.E. 1–1, 1–2, 1–4]. Therefore, all four jurisdictional prerequisites are satisfied and the first prong of the analysis to compel arbitration under the Convention is met. *See Bautista*, 396 F.3d at 1294–95.

■ Although Plaintiff does not frame his argument as an affirmative defense under the Convention, he contends that the written arbitration agreement is inapplicable because his employment contract with NCL expired in March 2011.[2] [D.E.

---

1. Full text on the status on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958) can be found at: http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html

2. In both Plaintiff and Defendant's motions and replies, the parties use "terminated" in reference to the Norwegian Star Employment

Agreement. *See* [D.E. 1–2, 6, 7, 8, 9, 10]. However, it is important to note the distinction between a contract that is "terminated" and a contract that is "expired." A contract is "terminated" when a party to the Employment Agreement and CBA is "entitled to terminate the Employment Contract of a Seafarer." [D.E. 1–5]. However, in Plaintiff's case, the Employment Agreement "expired" because NCL "engaged [Plaintiff] for a fixed

10]. Even if the Court construes Plaintiff's argument as an affirmative defense of inoperability due to expiration, Eleventh Circuit precedent interpreting similar contractual provisions allows such contractual rights to extend past termination or expiration of a contract. *See Litton Fin. Printing Div., a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.,* 501 U.S. 190, 205–06, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991) (detailing when a post-expiration grievance arises under a contract); *Montgomery Mailers' Union No. 127 v. Advertiser Co.,* 827 F.2d 709, 712–13 (11th Cir.1987) (quoting *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL–CIO,* 430 U.S. 243, 252, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977)) ("Expiration of the collective bargaining agreement does not automatically end the parties' contract rights including that of arbitration"); *Sheet Metal Workers Local 57 Welfare Fund v. Tampa Sheet Metal Co., Inc.,* 786 F.2d 1459, 1461 (11th Cir.1986) (finding that terms of terminated employment contract were still binding on parties).

▪ Thus, a plaintiff may bring a claim after the expiration of the contract when the claim "ari[ses] under the contract." *Litton,* 501 U.S. at 205–06, 111 S.Ct. 2215. A claim "arises under the contract" and is therefore subject to arbitration if "[1] it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or [2] where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *Id.* at 206, 111 S.Ct. 2215. The second element of *Litton* is relevant to the Court's inquiry because the events giving rise to this action occurred after the expiration of the

contract. *Id.* at 206, 111 S.Ct. 2215; *see also* [D.E. 1–4, 6, 7, 10].

On this point, NCL argues that the Court should infer the parties' intent for the arbitration clause to survive expiration based upon its plain language. [D.E. 6]. However, neither the language of the Employment Agreement nor that of Article 8 of the CBA expressly indicates whether the arbitration clause survives termination or expiration of the Employment Agreement. *See* [D.E. 1–4, 1–5]. The clause in the Employment Agreement states, in relevant part, that "any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with the Company . . . shall be referred to and resolved exclusively by binding arbitration." [D.E. 1–4]; *see also* [D.E. 1–5] (using identical language in regards to arbitration). Nonetheless, this broad language suggests Plaintiff and NCL intended for the arbitration clause to survive expiration.

The justification for this conclusion is found in Eleventh Circuit precedent construing arbitration clauses with similar language to survive termination or expiration. In *Montero v. Carnival Corp.,* 523 Fed.Appx. 623, 626–27 (11th Cir.2013), the court considered an arbitration clause stating that "any and all disputes . . . shall be referred to and finally resolved by arbitration" sufficient to contemplate the survival of the agreement. The court further reasoned that not allowing the arbitration clause to survive termination would leave it nearly inoperative. *See Montero,* 523 Fed.Appx. at 626–27. Without the arbitration agreement surviving termination, an employee could "avoid arbitration entirely by either disembarking from the ship

period," which concluded by its terms when Plaintiff "sign[ed] off the Vessel at the end of

the Contract Period" on March 11, 2011. *Id.*

ahead of schedule or waiting until his 10-month contract expires before he brings a claim," thereby undermining the language of the clause and the Convention's policy. *Id.*

Likewise, in *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1246 (11th Cir.2014), the court held that an ambiguous arbitration clause was broad enough to survive termination. There, the arbitration clause stated that "any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration." *Martinez*, 744 F.3d at 1245. The court found that the parties to the arbitration clause "[c]learly ... contemplated some circumstances in which the arbitration clause would survive the termination of the Seafarer's Agreement." *Id.* at 1246.

Similarly, in *Huffman v. Hilltop Companies, LLC*, 747 F.3d 391, 397–98 (6th Cir. 2014), the Sixth Circuit found an ambiguous arbitration clause to survive expiration although it was not included in the survival clause of the contract agreement. There, the arbitration clause stated "21. ARBITRATION. Any Claim arising out of or relating to this Agreement ... shall be settled by binding arbitration" followed by a survival clause stating "22. SURVIVAL. Paragraphs 4, 5, 6, 7, 8, 9, 10[,] 11, 12, 14, 17, and 22 shall survive the expiration or earlier termination of this Agreement." *Huffman*, 747 F.3d at 393–94. "Reading the contract as a whole" with a strong presumption towards arbitration, the Sixth Circuit could not determine "with certainty that the parties did not intend for the arbitration clause to survive" and therefore "the [ ] omission of the arbitration clause [from the survival clause] ... did not clearly imply that the arbitration clause had no post-expiration effect." *Id.* at 398.

Comparing *Martinez, Montero,* and *Huffman* with the present case, the language pertaining to arbitration here is sufficiently similar. *See Martinez*, 744 F.3d at 1245; *Huffman,* 747 F.3d at 398; *Montero*, 523 Fed.Appx. at 626–27. Since the Eleventh Circuit construed similar contractual provisions to survive termination or expiration, the Court concludes that the arbitration clause applies here in relation to the expired Employment Agreement and CBA between the parties. *See* [D.E. 1–4, 1–5]; *Nolde Bros., Inc.*, 430 U.S. at 253, 97 S.Ct. 1067. Therefore, with no affirmative defenses available to Plaintiff, the second prong of the analysis to compel arbitration is met. *See Bautista*, 396 F.3d at 1295.

Since all four jurisdictional prerequisites are met under the Convention and no affirmative defenses provided by the Convention may be brought by Plaintiff, compelling arbitration of the Jones Act claim is appropriate in this case. *Pysarenko*, 2014 WL 1745048, at *8; *Martinez*, 744 F.3d at 1247; *Montero*, 523 Fed.Appx. at 627–28; *see* [D.E. 1–4, 1–5].

### B. Plaintiff's Motion to Remand

[10] Conversely, Plaintiff moves to remand on grounds that NCL's second removal is still improper. [D.E. 7], Plaintiff contends that no new circumstances occurred since the previous remand to establish new and different grounds for removal. *Id.* Plaintiff believes the prior employment contract does not control the parties' rights and obligations after its expiration. *Id.* Rather, Plaintiff contends his seaman status arising from his new assignment entitles him to a non-removable Jones Act remedy, even though he did not execute the new contract. *Id.*

Opposing this point, NCL contends that remand is not appropriate because federal subject-matter jurisdiction exists by virtue

of the four jurisdictional elements of the Convention being met. [D.E. 9]. NCL argues that the claim made by Plaintiff is subject to arbitration based on the terms of employment with NCL in the Employment Agreement. *Id.* NCL further argues that its present removal is proper because Plaintiff's Second Amended Complaint provides significantly new and different bases for removal. *Id.*

 Accordingly, on a motion to remand, a removing defendant bears the burden of proving proper federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277 (11th Cir.2001). A party who removes a case to federal court pursuant to 28 U.S.C. § 1441 must prove that the district court possesses "original jurisdiction" in that the action could have originally been filed in federal court. *See* 28 U.S.C. § 1441. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *see also Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998). Moreover, 28 U.S.C. § 1447(c) states in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Here, Plaintiff principally argues that his Jones Act claim is not removable and therefore should be remanded back to the state court. [D.E. 1–2, 7]. Jones Act claims are ordinarily not removable to federal court when brought in state court by a seaman because seamen enjoy the choice of forum with such claims.[3] *Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir.1952);[4] *see also* 28 U.S.C. § 1445(a); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001) (Jones Act claim not subject to removal to federal court); *Keegan v. Sterling*, 610 F.Supp. 789, 790 (S.D.Fla.1985) ("[A] Jones Act claim brought in state court cannot be removed to federal court").

However, Eleventh Circuit precedent establishes that a seaman's Jones Act claim covered by an arbitration clause falling under the Convention may be removed to federal court pursuant to 9 U.S.C. § 205. *See, e.g., Trifonov v. MSC Mediterranean Shipping Co. SA*, 590 Fed.Appx. 842, 845 (11th Cir.2014) (Jones Act claims are removable when related to arbitration agreement under the Convention); *Pysarenko*, 2014 WL 1745048, at *7 (finding that "Jones Act claims are removable under the Convention"); *Allen v. Royal Caribbean Cruise, Ltd.*, 2008 WL 5095412, at *3–4 (S.D.Fla. Sept. 30, 2008), *aff'd*, 353 Fed. Appx. 360 (11th Cir.2009) (finding that a case could be "removed notwithstanding

---

**3.** *See generally* 14AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3677 (4th ed.) ("If a state forum is chosen by the plaintiff, the case law makes it clear that the defendant may not remove the case to a federal court unless the Jones Act claim was interposed fraudulently, this results from the Jones Act's incorporation by reference of the provision in the Federal Employ-

ers' Liability Act limiting the defendant's right of removal in actions under that statute." (footnote call number omitted)).

**4.** The newly formed Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), held that decisions of the Fifth Circuit delivered prior to October 1, 1981 are binding precedent.

the Jones Act claims"). Further, when "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants, may, at any time before the trial thereof, remove such action or proceeding to the district court." 9 U.S.C. § 205.

The arbitration clause agreed to by Plaintiff states, in pertinent part:

> Seaman agrees, on his own behalf ... that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company including, but not limited to, claims such as personal injuries, *Jones Act claims*, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, ... shall be referred to and resolved exclusively by binding arbitration pursuant to the [the Convention].

[D.E. 1–4] (emphasis added). The language of this arbitration clause encompasses Jones Act claims such as the one brought by Plaintiff. *Id.* As noted, Plaintiff can only bring such a claim if an employer-employee relationship existed with the NCL, which is reflected by the Employment Agreement itself. *See id.* Since 9 U.S.C. § 205 allows a defendant to remove any claim that relates to an arbitration agreement, NCL's removal based on the arbitration clause found in the Employment Agreement is allowable. *See* 9 U.S.C. § 205; *Trifonov*, 590 Fed.Appx. at 845; *Pysarenko*, 2014 WL 1745048, at *7; *Allen*, 2008 WL 5095412, at *3–4. Given that the Employment Agreement's arbitration clause satisfies the Convention and controlling Eleventh Circuit precedent allows removal of Jones Act claims, the Court finds removal is proper as a matter of law and no further briefing is necessary by Plaintiff.

## III. CONCLUSION

Based on the aforementioned, it is hereby

**ORDERED AND ADJUGED** that NCL's Motion to Compel Arbitration [D.E. 6] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED AND ADJUGED** that Plaintiff's Motion to Remand [D.E. 7] is **DENIED**. It is further

**ORDERED AND ADJUGED** that Plaintiff's Motion to Stay [D.E. 8] is **DENIED**. It is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case and all other pending motions are **DENIED AS MOOT**.